UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AJAB M. WOODSON,

                             Plaintiff,

          -against-

NASSAU COUNTY and SGT. DONNERY,

                          Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
24-CV-7580(JMA)(LGD)

**AZRACK, United States District Judge:**

Before the Court is the civil rights complaint filed by incarcerated pro se plaintiff Ajab M. Woodson ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County and Sgt. Donnery, who is alleged to be a supervisor of the law library at the Nassau County Correctional Center. (Compl., ECF No. 1.) Plaintiff also filed a motion to proceed in forma pauperis ("IFP") and the required Prisoner Litigation Authorization form. (ECF Nos. 7, 11.) For the reasons that follow, the Court grants Plaintiff's IFP application and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

                                  **I.     BACKGROUND[1]**

Plaintiff's brief, handwritten complaint is brought pursuant to Section 1983 and alleges the following facts:[2]

> On October 9th I received a determination from the inmate grievance board that they sustained the action of Sgt. Donnery and Nassau County to tamper with and mis-direct my legal mail. They have tampered with discovery items such as medical records, medical X-ray discs and outgoing and incoming mail from lawyers, government agencies, and medical facilities. They have violated my right to privacy in attorney client privilidge. Also they have taken medical records and stored them in public areas in the jail not maintained by medical staff. This also violates my right to doctor-patient privacy in my medical care and records. This tampering is

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced herein exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> directly related to retaliation for previous litigation against the County and medical staff. (See CV-06647(JMA)(LGS) I have been ridiculed, harassed, and violated as per my inmate rights to due process and protection from retaliation from Government agencies for litigation.

(Compl. ¶ II.) In the space that calls for a description of any injuries sustained and any medical treatment required and/or provided, Plaintiff wrote: "I am supposed to be treated for injuries sustained during my arrest. However, I am not able to correspond with the doctors at the hospital and my physical injuries are exalabled." (Id. ¶ II.A.) For relief, Plaintiff is "seeking 10,000 $ U.S. dollars. Also I am seeking the policies of "Legal" mail be overseen by the U.S. Post Office or a civilian agency. I am seeking all medical and discovery information be given to me in a timely manner." (Id. ¶ III.)

## II.    LEGAL STANDARDS

### A.    Leave to Proceed IFP

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dep't of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hosps. Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

## B. Dismissal Under the Prison Litigation Reform Act or IFP Statute

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, the IFP statute requires a court to dismiss an action upon determination that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

## C. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)); see Buon v. Spindler, 65 F.4th 64, 78 (2d Cir. 2023); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)).

**D.     Plaintiff's *Pro Se* Status**

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); see also FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

### III.     DISCUSSION

**A.     Plaintiff's IFP Application is Granted**

Upon review of Plaintiff's declarations in support of his application to proceed IFP, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.

28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed IFP (ECF No. 7) is GRANTED.

**B.      Sgt. Donnery is Dismissed for Lack of Personal Involvement**

To "establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). To do so, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Ashcroft, 556 U.S. at 676). A Section 1983 claim that fails to allege the personal involvement of the defendant fails as a matter of law. See, e.g., id. at 619-20; Kravitz v. Purcell, 87 F.4th 111, 129 (2d Cir. 2023); Murphy v. Hughson, 82 F.4th 177, 183 n.5 (2d Cir. 2023).

Here, although Plaintiff named Sgt. Donnery as a defendant, there are no allegations against him in the body of the complaint. Wholly absent from the complaint are any allegations of conduct or inaction attributable to Sgt. Donnery. (See generally, ECF No. 1.) Simply naming the defendants against whom relief is sought is insufficient because "bald assertions and conclusions of law" do not establish personal involvement. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." Dean v. Annucci, No. 22-CV-0746, 2023 WL 2325074, at *6 (N.D.N.Y. Mar. 2, 2023) (internal quotation marks omitted); see, e.g., Hickman v. City of New York Dep't of Corr., No. 24-CV-1754, 2024 WL 2784641, at *2 (S.D.N.Y. May 28, 2024) (dismissing Section 1983 claims against defendants because they "are not mentioned in the body of the complaint, and no facts are alleged showing what [they] did or failed to do that violated Plaintiff's rights.")

5

Even affording the pro se complaint a liberal construction, Plaintiff has not plausibly alleged the personal involvement of Sgt. Donnery. Indeed, as the Second Circuit made clear in Tangreti v. Bachmann, "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). Thus, Plaintiff's claim against Sgt. Donnery is implausible and is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(i)-(ii), 1915A(b)(1).

## C.  Municipal Liability is Not Properly Pled

Plaintiff's claim against Nassau County seeking municipal liability is deficient. A claim for municipal liability under Section 1983 must comply with Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) and its progeny. "Monell expressly prohibits *respondeat superior* liability for municipalities . . . meaning that a plaintiff must demonstrate that 'through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.'" Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 97-98 (2d Cir. 2020) (quoting Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)). This requires Plaintiff to "show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." Frost v. New York City Police Dep't, 980 F.3d 231, 257 (2d Cir. 2020) (internal quotations omitted). A policy or custom may be established by any of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular constitutional deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

6

Alwan v. City of New York, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2018) (internal quotations omitted); see Ying Li v. City of New York, 246 F. Supp. 3d 578, 636 (E.D.N.Y. 2017) (similar). "[A] single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker." Mitchell v. City of N.Y., 841 F.3d 72, 80 (2d Cir. 2016) (quoting City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality)) (brackets omitted); see DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

Here, even affording the pro se complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by a policy or custom of Nassau County. See Mitchell, 841 F.3d at 80 (dismissing Monell claim for lack of a municipal policy or custom underlying the challenged conduct); see also Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff's Section 1983 claim against Nassau County is implausible because Plaintiff has not alleged the existence of a relevant municipal policy or custom. Thus, Plaintiff's Section 1983 claim against Nassau County is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(i)-(ii), 1915A(b)(1).

**D.     Leave to Amend**

"[A] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and

7

brackets omitted). At the same time, a district court may deny a pro se plaintiff leave to amend when amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The Court has carefully considered whether to grant Plaintiff leave to amend his complaint. Given Plaintiff's pro se status, the Court grants him leave to amend the complaint consistent with this Order. Plaintiff's amended complaint must (1) be labeled as an "amended complaint," (2) include a caption naming the defendants and link each defendant so named to factual allegations of conduct or inaction within the body of the amended complaint, (3) bear the same docket number as this Order, 24-CV-7580(JMA)(LGD), and (4) be filed on or before April 14, 2025. If Plaintiff does not know the identity of a defendant, he may name that defendant as "John Doe" or "Jane Doe" and must then include sufficient factual allegations to ascertain that defendant's identity. Plaintiff is advised that "an amended complaint . . . supersedes the original, and renders it of no legal effect." Harris v. City of N.Y., 186 F.3d 243, 249 (2d Cir. 1999) (internal quotation marks omitted). Thus, any amended complaint Plaintiff files should include all allegations he wishes to pursue against each defendant he names.

## IV. CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed IFP is granted. The Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim and with leave to amend as set forth above. Plaintiff is granted leave to file an amended complaint consistent with this Order on or before April 14, 2025.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record in an enveloped marked "Legal Mail" and shall note such mailing on the docket.

**SO ORDERED.**
Dated:   March 13, 2025
          Central Islip, New York

                                                    /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE