UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

FILED
CLERK
5/21/2025 10:47 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

----------------------------------------------------------X
AJAB M. WOODSON,

Plaintiff,

-against-

NASSAU COUNTY and SGT. DONNERY,

Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
24-CV-7580 (JMA)(LGD)

**AZRACK, United States District Judge:**

Before the Court is the amended complaint timely filed by incarcerated pro se plaintiff Ajab M. Woodson ("Plaintiff") in response to the Court's March 13, 2025 Memorandum and Order granting Plaintiff's motion to proceed in forma pauperis ("IFP") and dismissing the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) with leave to file an amended complaint on or before April 14, 2025. (See Am. Compl., ECF No. 13; Mem. & Order, ECF No. 12.) For the reasons that follow, the Court sua sponte dismisses the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) with leave to file a second amended complaint on or before June 23, 2025.

## I. BACKGROUND[1]

Like the original complaint, the amended complaint is brought against Nassau County and Sgt. Donnery and purports to allege a deprivation of Plaintiff's constitutional rights to due process and to access to the Court. (ECF No. 13.) Plaintiff also appears to now allege a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). In its entirety, the brief, handwritten amended complaint alleges the following facts:[2]

---

[1] All material allegations in the amended complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the amended complaint are reproduced herein exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

During my pre trial custody at "Nassau County" Correctional Facility my incoming Legal and medical correspondence from county attorney office was "as a policy" delivered and handled by the SGT in charge of the law library, SGT Donnery. SGT Donnery explicitly stated to me on more than one occasion that I could not receive MRI disc results due to the "Policy" of Nassau County that such information be properly formatted by the sender. In the case of my medical records and MRI video disc the sender was the Nassau County attorney office. This case was obviously mismanaged by the "officer" in charge of handling procedure, and it is the responsibility of that officer to secure the incoming legal records and communicate the "counties" policies to his legal officer. Furthermore I submit by depriving me of access to legal correspondence needed for litigation was a violation of my due process. To this day those records have never been forwarded or secured. As a pretrial detainee not yet convicted of a crime Mr. Donnery violated my Constitutional right to not be deprived of life nor liberty. Also access to courts during confinement.

My time at Nassau Correctional Facility was in fact the legal staff and SGT Donnery's responsibility to secure my medical records in a way that was not privy to any and all officers that have access to the law library unit. I found that my personal medical information had been read by personal that were not cleared to read them. I have personally been told by SGT Donnery that "I should not be such a cry baby about who reads my chart." Also that from the looks of my medical records I seem like a "CRACKHEAD". He informed me that Dr. Hennig has "claws" and my lawsuit is not going anywhere if he has anything to do with it. I filed a Grievance concerning the handling of my medical records and found that the Grievance Committee agreed that SGT Donnery had no right to misdirect nor tamper with my legal mail, MRI discs, or discovery packages.

As for "damages" I am seeking 10,000 dollars in U.S. currency. Also the Federal Bureau of Prisons (who subcontracts with Nassau County investigate and remedy the discovery and legal correspondence procedures at Nassau County Corrections. Also that a civilian employee be assigned to handle incoming legal correspondence.

This claim is for Nassau County failing to train "SGT DONNERY" how to handle correspondence protected by "Attorney Client priviledge", "HIPPA protection to medical records", doctor patient privacy and "access to the courts by" misdirecting and improperly storing my information - not producing for my review and access records and video provided for "discovery".

I believe this was an effort by the Nassau County staff to sabotage litigation previously directed at the County of Nassau and Dr. Henning. The Constitution provides protection of all "FREE" persons not convicted of a crime to protections from deprivation of life, and liberty. As well as to access to the Courts and legal system without interference in that process. I believe Nassau County installed persons such as SGT. Donnery in "Supervisory" positions to undermined legal actions by inmates against staff and civilians under their employ. I believe it is

> policy of the County to practice this to sabotage relief from Constitution by the tampering, misdirection, and withholding of legally protected discovery legal documents.
>
> This is the body of my Amended Complaint.

(Am Compl., ECF No. 13.)

## II. LEGAL STANDARDS

### A. Dismissal Under the Prison Litigation Reform Act or IFP Statute

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, the IFP statute requires a court to dismiss an action upon determination that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

### B. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United

States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004)); see Buon v. Spindler, 65 F.4th 64, 78 (2d Cir. 2023); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)).

**C. Plaintiff's *Pro Se* Status**

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); see also FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

### A. Challenged Actions Are Not Constitutional Deprivations

Plaintiff challenges the handling of his incoming legal mail and medical correspondence from the County Attorney by Sgt. Donnery. As a result of the claimed delay or failure to provide his medical records (such as an MRI) in a format he could access, Plaintiff claims that he has been deprived of his right to access the court and to due process of law.

The First Amendment protects prisoners' rights to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. Bounds v. Smith, 430 U.S. 817, 822 (1977), abrogated on other grounds, Lewis v. Casey, 518 U.S. 343 (1996). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (citing Thornburgh v. Abbott, 490 U.S. 401, 413 (1989)). "It is well established that all persons enjoy a constitutional right of access to the courts." Monsky v. Moraghan, 127 F.3d 243, 246 (2d Cir. 1997). "A prisoner has a constitutional right of access to the courts for the purpose of presenting his claims, a right that prison officials cannot unreasonably obstruct and that states have affirmative obligations to assure." Brisco v. Rice, No. 11-CV-0578, 2012 WL 253874, at *5 (E.D.N.Y. Jan. 27, 2012) (quoting Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986)). However, "[i]nterferences that merely delay an inmate's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right." Jermosen v. Coughlin, No. 89-CV-1866, 1995 WL 144155 at *4 (S.D.N.Y. Mar. 30, 1995). Indeed, "[t]he regulation of inmates' mail by state prison officials . . . is a matter of internal prison administration

with which [courts] will not interfere, absent a showing of a resultant denial of access to the courts or of some other basic right retained by a prisoner." Angulo v. Nassau Cnty., 89 F. Supp. 3d 541, 553 (E.D.N.Y. 2015) (citations omitted).

To state a claim for denial of access to the courts due to interference with legal mail, a plaintiff must allege that the defendant "took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim." Deleon v. Doe, 361 F.3d 93, 94 (2d Cir. 2004) (citation omitted); see also Lewis v. Casey, 518 U.S. 343, 351-53 (1996) (an access to the courts claim requires an inmate to demonstrate that he suffered an actual injury as a result of the conduct of the defendants). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. See Christopher v. Harbury, 536 U.S. 403, 415 (2002) (the plaintiff must identify a "nonfrivolous, arguable underlying claim" that he sought to pursue or seeks to pursue in court) (citation and quotation marks omitted).

Here, as is readily apparent, Plaintiff has alleged no facts suggesting that he suffered any actual injury from the challenged protocols concerning the mail at the Jail. Thus, Plaintiff has not plausibly alleged a denial of access to the courts claim and such claim is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

### B. Municipal Liability is Not Properly Pled

Even if Plaintiff had sufficiently alleged a constitutional deprivation, which he has not, his claim against Nassau County seeking municipal liability is again deficient. As the Court made clear in the order:

> A claim for municipal liability under Section 1983 must comply with Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) and its progeny. "Monell expressly prohibits *respondeat superior* liability for municipalities . . . meaning that a plaintiff must demonstrate that 'through its deliberate conduct, the

> municipality was the "moving force" behind the injury alleged.'" Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 97-98 (2d Cir. 2020) (quoting Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)). This requires Plaintiff to "show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." Frost v. New York City Police Dep't, 980 F.3d 231, 257 (2d Cir. 2020) (internal quotations omitted). A policy or custom may be established by any of the following:
>
>> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular constitutional deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.
>
> Alwan v. City of New York, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2018) (internal quotations omitted); see Ying Li v. City of New York, 246 F. Supp. 3d 578, 636 (E.D.N.Y. 2017) (similar). "[A] single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker." Mitchell v. City of N.Y., 841 F.3d 72, 80 (2d Cir. 2016) (quoting City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality)) (brackets omitted); see DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

Mem. & Order, ECF No. 12 at 6-7. Although Plaintiff now claims that the handling of his correspondence from the County Attorney's Office by Sgt. Donner "was as a policy," such conclusory allegations fall far short. (Am. Compl., ECF No. 13 at 1.) "[A] plaintiff must allege 'sufficient factual detail' and not mere 'boilerplate allegations' that the violation of the plaintiff's constitutional rights resulted from the municipality's custom or official policy." Jackson v. Nassau Cnty., 552 F. Supp.3d 350, 377 (E.D.N.Y. 2021) (citation and internal quotations omitted). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir.

2012) (citing Monell, 436 U.S. at 691). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. See City of Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985).

Here, having been afforded an opportunity, Plaintiff still does not allege any unconstitutional custom, policy, or usage attributable to Nassau County to confer municipal liability. See Monell, 436 U.S. at 690-91; Jones, 691 F.3d at 80. Although Plaintiff alleges that the processing of his legal correspondence by Sgt. Donnery was pursuant to "a policy," mere labels and conclusions without facts from which the conclusion may reasonably construed are insufficient to meet the pleading standard. Even affording the amended complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by a policy or custom of Nassau County. See Mitchell, 841 F.3d at 80 (dismissing Monell claim for lack of a municipal policy or custom underlying the challenged conduct); see also Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff's Section 1983 claim against Nassau County is implausible because Plaintiff has not alleged the existence of a relevant municipal policy or custom. Thus, Plaintiff's Section 1983 claim against Nassau County is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

**C. HIPAA Provides No Private Right of Action**

Insofar as Plaintiff seeks relief under HIPAA, such claims are not plausible. Although "HIPAA prohibits the disclosure of medical records without a patient's consent," enforcement of that prohibition is exclusively by the Secretary of the Department of Health and Human Services.

Meadows v. United Servs., Inc., 963 F.3d 240, 244 (2d Cir. 2020) (citing 42 U.S.C. §§ 1320d-1 to 1320d-7). As the Second Circuit has made clear, "HIPAA confers no private cause of action, express or implied." (Id.) Accordingly, Plaintiff's allegations concerning HIPAA violations fail to state a claim upon which relief may be granted, and implausible, and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

**D. Leave to Amend**

"[A] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and brackets omitted). At the same time, a district court may deny a pro se plaintiff leave to amend when amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The Court has carefully considered whether to grant Plaintiff leave to further amend his complaint. Given Plaintiff's pro se status, the Court grants him leave to file a second amended complaint consistent with this Order. Plaintiff's second amended complaint must (1) be labeled as a "second amended complaint," (2) include a caption naming the defendants and link each defendant so named to factual allegations of conduct or inaction within the body of the amended complaint, (3) bear the same docket number as this Order, 24-CV-7580(JMA)(LGD), and (4) be filed on or before June 23, 2025. If Plaintiff does not know the identity of a defendant, he may name that defendant as "John Doe" or "Jane Doe" and must then include sufficient factual allegations to ascertain that defendant's identity. Plaintiff is advised that "an amended complaint . . . supersedes the original, and renders it of no legal effect." Harris v. City of N.Y., 186 F.3d 243, 249 (2d Cir. 1999) (internal quotation marks omitted). Thus, any second amended complaint Plaintiff files should include all allegations he wishes to pursue against each defendant he names.

## IV. CONCLUSION

For the forgoing reasons, the Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim and with leave to amend as set forth above. Plaintiff is granted leave to file a second amended complaint consistent with this Order on or before June 23, 2025.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record in an enveloped marked "Legal Mail" and shall note such mailing on the docket.

**SO ORDERED.**

Dated: May 21, 2025
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE